IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>LOCAL 2568, AMERICAN FEDERATION OF<br>STATE, COUNTY AND MUNICIPAL<br>EMPLOYEES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case: 2:06-cv-15769<br>Assigned To: Cox, Sean F<br>Referral Judge: Komives, Paul J<br>Filed: 12-28-2006 At 01:26 PM<br>CMP CHAO V. LOCAL 2568, ET AL (TAM) |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483 (hereinafter referred to as the "Act")).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5. Defendant Local 2568, American Federation of State, County and Municipal Employees ("Defendant") is, and at all times relevant to this action has been, an unincorporated association residing in the County of Wayne, Michigan, within the jurisdiction of this Court.

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 402(b) of the Act, 29 U.S.C. §§ 402(i), 402(j), and 482(b).

## FACTUAL ALLEGATIONS

7. Defendant, purporting to act pursuant to its Constitution and the American Federation of State, County and Municipal Employees ("AFSCME") Election Code, Appendix D, conducted an election of officers on April 5, 2006. The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

2

8. By letter dated April 14, 2006, to Defendant's Election Committee, Pamela O'Bryan, a member in good standing of Defendant, protested Defendant's April 5, 2006 election.

9. By letter dated April 21, 2006, to O'Bryan, the Election Committee denied the protest.

10. By letter dated April 27, 2006, O'Bryan appealed the decision of the Election Committee to the AFSCME Judicial Panel.

11. On May 24, 2006, the AFSCME Judicial Panel held a hearing on the appeal.

12. On June 21, 2006, an AFSCME Judicial Panel Member denied the appeal.

13. On July 29, 2006, O'Bryan appealed the decision of the AFSCME Judicial Panel Member to the full AFSCME Judicial Panel.

14. By letter dated October 3, 2006, to O'Bryan, the AFSCME full Judicial Panel denied the appeal.

15. O'Bryan did not appeal to the International Secretary-Treasurer, and the Secretary of Labor does not require this step here for O'Bryan to have exhausted her internal union remedies because the next International Convention is more than six months away.

16. Having exhausted her available remedies and having received a final decision, O'Bryan filed a timely complaint with the Secretary of Labor received on November 3, 2006, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

17. Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and,

as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's April 5, 2006 election and that the violation had not been remedied at the time of the institution of this action.

18. Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of its aforesaid election when union funds were used to support incumbents executive board members in that those incumbents campaigned on paid union time.

19. The violation of section 401(g) of the Act, 29 U.S.C. § 481(g), found and alleged above may have affected the outcome of Defendant's April 5, 2006 election for the offices of president, vice president, secretary-treasurer, and sergeant-at-arms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring Defendant's election for the offices of president, vice president, secretary-treasurer, and sergeant-at-arms null and void;

(b)  directing Defendant to conduct a new election for the offices of president, vice president, secretary-treasurer, and sergeant-at-arms under the supervision of the Plaintiff;

4

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

PETER D. KEISLER
Assistant Attorney General

KATHERINE E. BISSELL
Associate Solicitor

STEPHEN J. MURPHY
United States Attorney

JOAN E. GESTRIN
Regional Solicitor

By:

PETER A. CAPLAN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
313-226-9784
Peter.Caplan@usdoj.gov
P30643

ALEXANDRA A. TSIROS
Counsel for Legal Advice

TAMMY R. DAUB
Attorney

Of Counsel

U.S. Department of Labor

Attorneys for Plaintiff

5

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

County in which this action arose ___Wayne___

## I. (a) PLAINTIFFS

ELAINE L. CHAO,
Secretary of Labor,
United States Department of Labor

**DEFENDANTS**

LOCAL 2568, AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Wayne___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
PETER A. CAPLAN, AUSA    Tel.  313-226-9784
211 W. Fort St., Ste. 2001
Detroit, MI  48226

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Select One Box Only)

☑ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Case: 2:06-cv-15769
Assigned To: Cox, Sean F
Referral Judge: Komives, Paul J
Filed: 12-28-2006 At 01:26 PM
CMP CHAO V. LOCAL 2568, ET AL (TAM)

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☑ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN   (Select One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. Section(s) 481-483

Brief description of cause:
Use of union resources to promote candidacy of incumbent union officers in violation of Title IV of the LMRDA, 29 USC Sections 481-483.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive relief.

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
December 28, 2006

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JANT TO LOCAL RULE 83.11

Is this a case that has been previously dismissed?   ☐ Yes
☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously
        discontinued or dismissed companion cases in this or any other      ☐ Yes
        court, including state court? (Companion cases are matters in which   ☑ No
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :