UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elaine L. Chao, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.                                                   Case No. 06-15769

Local 2568, American Federation of State        Honorable Sean F. Cox
County and Municipal Employees,

    Defendant.
_____/

**<u>OPINION & ORDER</u>**
**<u>GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

On December 28, 2006, Plaintiff Elaine Chao, Secretary of Labor ("the Secretary" or "Plaintiff"), filed this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 ("the LMRDA") challenging a union election. The Secretary seeks a court order voiding Defendant Local 2568, American Federation of State, County and Municipal Employee's ("Local 2568" or "Defendant") April 5, 2006 election for officers.[1] The matter is currently before the Court on Defendant's Motion to Dismiss, presenting the discrete issue of whether the complaining union member, Pamela O'Bryan ("O'Bryan"), failed to timely file a complaint with the Secretary as required by the LMRDA. The parties have fully briefed the issue and the Court heard oral argument on May 24, 2007. For the reasons set forth below, the Court shall **GRANT** Defendant's Motion.

---

[1]Local 2568 represents various employees of Oakwood Hospital.

1

BACKGROUND

The following facts are pleaded in the Secretary's December 28, 2006 Complaint and are accepted as true by Defendant for purposes of this motion.

Defendant conducted an election of officers on April 5, 2006, purporting to act pursuant to its Constitution and the American Federation of State, County and Municipal Employees ("AFSCME") Election Code. (Compl. at ¶ 7). By letter dated April 14, 2006, to Defendant's Election Committee, O'Bryan protested the April 5, 2006 election. (*Id.* at ¶ 8). Defendant's Election Committee denied the protest in a letter dated April 21, 2006. (*Id.* at ¶ 9).

By a letter dated April 27, 2006, O'Bryan appealed the decision of the Election Committee to the AFSCME Judicial Panel. (*Id.* at ¶ 10). On May 24, 2006, the AFSCME Judicial Panel held a hearing on the appeal. (*Id.* at ¶ 11). On June 21, 2006, an AFSCME Judicial Panel Member denied the appeal. (*Id.* at ¶ 12). On July 29, 2006, O'Bryan appealed the decision of the AFSCME Judicial Panel Member to the full AFSCME Judicial Panel. (*Id.* at ¶ 13). By a letter dated October 3, 2006, the AFSCME full Judicial Panel denied the appeal. (*Id.* at ¶ 14).

It is undisputed that pursuant to AFSCME's constitution, the full judicial panel's decision may be appealed to the union's next international convention. (*See* Ex. 1 attached to Def.'s Br.; Pl.'s Resp. Br. at 3). The Secretary contends, and Defendant does not dispute, that: 1) the AFSCME holds its convention biennially, in even-numbered years (*see* Ex. H to Pl.'s Resp. Br.); 2) a convention was held in August, 2006 (Ex. I to Pl.'s Resp. Br.); and 3) the next convention will therefore be held during the summer of 2008.

In any event, O'Bryan did not appeal to the union's international convention following

the October 3, 2006 denial by the AFSCME full Judicial Panel. (Pl.'s Compl. at ¶ 15). Rather, O'Bryan filed a complaint with the Secretary on November 3, 2006. (*Id.* at ¶ 16). The Secretary then investigated O'Bryan's complaint and ultimately filed this action on December 28, 2006. (*Id.* at ¶ 17).

ANALYSIS:

The sole issue presented in this motion is whether O'Bryan filed a timely complaint with the Secretary. The LMRDA provides, in pertinent part, that:

**(a) Filing of complaint; presumption of validity of challenged election**

> A member of a labor organization –
>
> (1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
>
> (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title . . .

29 U.S.C. §482(a).

In seeking dismissal, Defendant relies on the plain language of the statute and on the following cases: *Donovan v. Local 2035, Transport Workers Union of America*, an unpublished slip opinion from the U.S. District Court for the Western District of Pennsylvania (Exhibit 3 to Def.'s Br.), and *Reich v. Local 399, Int'l Brotherhood of Electrical Workers,* 3 F.3d 184, 188 (7th Cir. 1993)(Ex. 4 to Def.'s Br.). Defendant contends that the plain language of the statute provides two exclusive options as to the time when a union member may file a complaint with the Secretary: 1) exhaust all the "remedies available under the constitution and bylaws" of the

3

union and its parent body, and then file a complaint with the Secretary within one calendar month of full exhaustion; or 2) invoke the union's internal process, pursue that process for three months, and if no final decision has been rendered within three months, file a complaint with the Secretary within one calendar month after expiration of the three-calendar-month invocation-of-remedies.

Defendant contends that *Reich* supports its argument that there are two, and only two, options available to a union member:

> In essence, [29 U.S.C. §482(a)] establishes two procedural requirements that must be satisfied before the Secretary may file a complaint in the district court. First, the complainants must have either fully exhausted all remedies available under the Union constitution and bylaws, 29 U.S.C. §482(a)(1), or have invoked unavailingly Union remedies for a period of three months, 29 U.S.C. §482(a)(2). Second, the complainants must file a complaint with the Secretary within a month of either full exhaustion of Union remedies or the expiration of the three-month period of futile invocation of Union remedies.

*Reich*, 3 F.3d at 188.

Defendant asserts that the "statute does *not* provide a *third* option, whereby an aggrieved union member can choose *neither* to fully exhaust all available union remedies *nor* to file a complaint to the Secretary within the one-month window period following the three-calendar-month invocation period, and elect, instead, to pick any filing time of the member's own convenience subsequent to the expiration of the three-month invocation period." (Def.'s Br. at 5)(emphasis in original). Defendant further asserts that "the Secretary's own regulations confirm that if a union member has not obtained a final decision within three calendar months, that union member "has the option of filing his complaint or of waiting until he has exhausted the available remedies within the organization." (Def.'s Br. at 6). It asserts that 29 C.F.R. §452.135(b), like

4

the statute it pertains to, provides for "no additional option of withholding a complaint in the one-month window period that follows the three-month invocation period and then filing the complaint at some later point prior to completing the exhaustion of all available union remedies." (*Id.*).

Defendant contends that this Court lacks subject matter jurisdiction over this action, requiring dismissal, because O'Bryan did not exercise either of the two permissible options that Congress provided. As to the exhaustion option, Defendant asserts that O'Bryan did not appeal the AFSCME Judicial Panel's denial of her protest to the AFSCME Convention and that the time for such an appeal has lapsed.

Defendant also asserts that it is undisputed that O'Bryan did not exercise the alternative option provided by the statute. O'Bryan initially filed her protest with Defendant's election committee on April 14, 2006. Thus, on July 14, 2006, the three-month invocation-of-remedies period expired, which means O'Bryan had one calendar month from that date (or until August 14, 2006) to file her complaint with the Secretary under 29 U.S.C. §482(a)(2). O'Bryan, however, did not file her complaint with the Secretary until November 3, 2006. Defendant therefore contends that no timely complaint was filed with the Secretary by O'Bryan and this Court therefore lacks jurisdiction to proceed with this case.

Defendant asserts that the Court should reject the Secretary's theory that it can somehow declare that the exhaustion requirements have been met, although the union member has not actually exhausted his or her union remedies. Defendant contends such a theory disregards the plain language of the statute and disregards the fact that Congress has already addressed the Secretary's argument that a union member should not have to go through a lengthy internal union

5

process before seeking judicial relief by including the alternative found in subsection (a)(2).

Defendant notes that the Secretary attempted, unsuccessfully, to use a similar theory in *Donovan*. In that case, the Secretary relied on a then-proposed Department of Labor regulation that stated that " if a union provides for a final appeal to a convention and the convention will not be held for two or three months, the decision of the last committee is considered to be final for exhaustion of remedies purposes." As the *Donovan* court noted, however, that provision was never adopted and the regulation that ultimately went into effect contains no such alternative option.

Citing several cases dealing with other issues, the Secretary responds by asserting that the Act should, in general, be "liberally construed." The Secretary does not claim that O'Bryan fully exhausted her internal union remedies. Rather, she takes the position that O'Bryan "is entitled to have the decision of the Judicial Panel **deemed** the final decision of the union." (Pl.'s Resp. Br. at 7)(emphasis added). The Secretary does not, however, cite any cases from within the Sixth Circuit that support her position.

The Secretary asserts that if O'Bryan were required to fully exhaust her remedies, she would not have been able to obtain judicial relief at a "meaningful time." In complaining about the length of time it would take O'Bryan to fully exhaust her internal union remedies, however, the Secretary ignores the fact that O'Bryan had a clear alternative under the statute - if she did not have a final decision from the union within three months, she had a full calendar month during which she could have filed a complaint with the Secretary under subsection (a)(2). In her brief, the Secretary did not discuss why O'Bryan neglected to use that alternative. At the May 24, 2007 hearing, Plaintiff's counsel acknowledged that he is not aware of anything that would have

prevented O'Bryan from filing a complaint with the Secretary during the time permitted under 29 U.S.C. §482(a)(2).

The Secretary claims that *Donovan*, relied on by Defendant, was wrongly decided. She relies on the following two cases, outside of the Sixth Circuit, that she contends are better-reasoned decisions: *DeArment v. Local 563, Laborers Int'l Union*, 751 F.Supp. 1364 (D. Minn. 1990) and *Marshall v. Blasters, Drillrunners and Miners Union, Local 29*, 106 L.R.R.M. 2339 (S.D.N.Y. 1980)(attached as Ex. L to Pl.'s Response).

In *DeArment*, the court found the statute's exhaustion requirements were met under the facts of that case. The court concluded that under the union's constitution, "an appeal to the Convention is optional, not mandatory." The court further stated that "[t]o require a union member to wait over two years to pursue an optional appeal . . . would be to create an unreasonable barrier to judicial relief for the infringement of federally protected rights." Notably, the court did not discuss the statutory alternative to full exhaustion of internal remedies.

*Marshall* is a bench opinion wherein the trial court faced a threshold question of whether the union member had exhausted his internal union remedies as required by the statute. The court concluded that the specific union constitution and bylaws at issue there did not require a union member to pursue a grievance to the International Convention in order to exhaust his remedies. The Secretary contends that the court "also held that to require the member to await the conventions' action would be contrary to the public policy of the LMRDA," but the Court does not read the decision as going that far. Moreover, the Court does not believe that the decision analyzed the issue thoroughly and does not find it persuasive in any event.

The Court agrees with Defendant that this action must be dismissed because O'Bryan did

7

not file a timely complaint with the Secretary under the plain language of the statute and this Court therefore lacks subject matter jurisdiction over this action. The language of the statute provides only two alternatives for the filing of a complaint and O'Bryan did not comply with either alternative. The Secretary has not provided any authority from the Sixth Circuit to support its theory that it somehow has the power to "deem" a member to have exhausted his or her internal remedies when that is that is simply not the case.

Although the Sixth Circuit has not addressed this narrow issue, the Court believes that this conclusion is supported by Sixth Circuit authority. For example, the Sixth Circuit has explained that:

> Statutory construction should generally be informed both by reference to the underlying policies of Congress and by common sense. Title IV, the statute to be construed, represents a balance between the public interest in fair and democratic elections, on the one hand, and the importance of minimizing government encroachment upon union autonomy, on the other. As one aspect of this equilibrium, Congress has determined that **before the Secretary may intrude upon union election procedures, his authority must be called forth by a union member who has either exhausted his union remedies or invoked them without satisfaction for three months.**

*Martin v. Local 480, Int'l Brotherhood of Teamsters*, 946 F.2d 457, 461 (6th Cir. 1991)(emphasis added). *Martin* lends support to Defendant's position that the statute provides just two alternatives:

> The two alternative provisions of §402(a) illustrate the distinction between the requirements of exhaustion and invocation of remedies. The first alternative is one of direct exhaustion of the remedies available under the union's constitution and by-laws. The second alternative, however, requires only the invocation of available remedies and authorizes resort to the Secretary of Labor, regardless of exhaustion, if the remedies invoked have not yielded a final decision within three calendar months.

*Martin*, 946 F.2d at 461 (quoting *Shultz v. Local 1291, Int'l Longshoreman's Ass'n*, 429 F.2d

592, 595-96 (3d Cir. 1970)).

The Court finds the Secretary's argument, that the Court should construe O'Bryan to have exhausted her remedies because if she had to wait for the convention she could not get a timely judicial remedy, unpersuasive. The argument ignores the statute's "alternative to exhaustion it expressly provides." *Martin*, 462. As the Sixth Circuit has observed:

> As indicated by the plain terms of the Act, as well as the Secretary's own regulations interpreting section 402(a), the complaining members are not required to exhaust fully their internal remedies if those remedies have been invoked without satisfaction for a period of three months.

*Martin*. Thus, O'Bryan already had a statutory alternative to full exhaustion of her internal union remedies available to her. She simply failed to take it within the time permitted under the statute.

## CONCLUSION & ORDER

For the reasons set forth above, the Court concludes that O'Bryan failed to file a timely complaint with the Secretary and that this action must therefore be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED.**

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager